### HROVAT v. KRALL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 31, 1927.

Syllabus by Editorial Staff.

257.   COMMISSION—For Sale of Real Estate—182. Brokers—Broker not entitled to commission unless seller and buyer, whom he procured, enter into contract which is valid and enforcible.

Error to Municipal Court.

Judgment affirmed.

S. J. Deutsch and Leopold Kushlan, Cleveland, for Hrovat.

Harry F. Glick, Cleveland, for Krall.

### STATEMENT OF FACTS.

There were two causes of action based upon what is claimed to be a valid and endorcible contract in writing, under the provisions of which it was stipulated that each party was to pay the agent a commission of $200 and if either party backed out of the deal, such party was to pay both commissions. The terms of the contract related to an exchange of equities in certain real estate located in the City of Cleveland.

Under the terms of the contract, by an analysis thereof, there was a difference in equities amounting to $700, but there was no provision whatsoever as to how this sum of money was to be paid, or the manner in which it was to be paid, whether it was to be in cash by one payment or in numerous payments, or whether it was to be paid in installments evidenced by promissory notes or other proofs of indebtedness. On these matters the contract is absolutely silent, thus showing that upon a material and vital element in the contract there was no meeting of the minds.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, J.

It is claimed that Carey, Admr. v. Conn, 107 OS. 113, governs. There is nothing in this holding which does violence to the general proposition of law that the broker or agent must bring the parties dealing together, and in order to bring them together in the transaction, their minds must meet on all material points involved in the transaction.

On page 11 the court, in Pfanz v. Humburg, 82 OS. I quote from Wilson v. Mason, 158 Ill., 304, 311 as follows:

"The true rule is that a broker is entitled to his commission if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforcible contract * * * An agreement by a real estate broker to procure a purchaser not only implies that the purchaser shall be one able to comply, but that the seller and the purchaser must be bound to each other in a valid contract."

It is our unanimous judgment that the court committed no error in sustaining the motion for judgment on the ground that the contract, which is the basis of the action, was unenforcible by reason of its invalidity.

(Levine and Vickery, JJ., concur.)

# SYLLABI

The following are Official Syllabi of Cases which will appear in the Court of Appeals Reports.

### ZIZELMAN v. UNION TRUST CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

J. H. Sampliner, Cleveland, for Zizelman.

Tolles, Hogsett & Ginn, Cleveland, for Un. Tr. Co.

1223.   VACATION—256.   Comity — 969a. Public Funds.

SULLIVAN, PJ.

1.   Where petition to vacate order allowing claim by Board of County Commissioners for deposit of public funds against loan company in hands of receiver, and to disallow claim, was brought by depositor of loan company some two years after judgment allowing claim in receivership proceeding in which depositor was represented as creditor, such judgment unreversed, unmodified, and unappealed from on same issues between same parties, held bar to proceedings, in absence of allegations of fraud, mistake, or irregularity in the original judgment.

2.   Statutes relating to vacation of judgments for mistake, fraud, or irregularity in original judgment are not basis for proceedings to disallow claim brought two years after receivership proceedings in which claim was allowed, and in which plaintiff was represented as creditor and could have objected to claim or have reviewed judgment allowing it.

3.   Foreign corporations or individuals, in absence of disabling statute, may sue in courts of this country on principles of comity.

4.   Sections 2722, 2723 GC. providing that no award of county funds shall be binding on county, nor shall county's money be deposited until certain securities are hypothecated or bond given, held inapplicable in determining validity of claim by Board of County Commissioners for deposit made with loan company, since commissioners did not cease to be creditors of loan company whether deposit was legal or illegal.

5.   Where Board of County Commissioners had valid claim against loan company in hands of receiver for deposit of public funds, it had right to assign claim for valuable consideration, and court could in receivership proceeding protect rights of county, since Board of County Commissioners was creditor of loan company.

6.   Where Board of County Commissioners deposited public funds with loan company, trust was created in favor of county entitled to preference in funds held by receiver of loan company, whether deposit was legal or illegal.

7.   In order to find preference in favor of county for public funds deposited with loan company in hands of receiver, it would only be necessary to trace funds.

(Levine, J., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.